IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 4:14-cr-00141-GHD-SAA

FRANK GEORGE OWENS, JR.
a/k/a "State Raised,"
PERRY WAYNE MASK,
STEPHEN NEAL HUBANKS,
JOSEPH BRANDON CREEL
a/k/a "Oak,"
SONNY TODD MAXWELL
a/k/a "Blue,"
JAMES MILTON DEAN
a/k/a "JD,"
WALTER BURRUS
a/k/a "T-bone,"
RICKY WAYNE JENKINS
a/k/a "Scissorhands,"
DAVID LADRONE WILLIS
a/k/a "Leprechaun,"
KATHY JUNE SHADBURN,
NATASHA BAXTER ELLIS
a/k/a "Tasha,"
RUTHIE GAIL RUTLEDGE
a/k/a "Goldmine,"
GARY BRIAN LEE, and
WILLIAM ELLIS OVERTON

## **PROTECTIVE ORDER**

This cause is before the Court on the Government's motion for protective order in the case *sub judice*. The Court, having reviewed the motion and being otherwise fully advised in the premises, finds that the motion is well taken.

NOW, THEREFORE, the defined terms referred to herein shall have the following meanings: (1) "Discoverable Material" refers to material subject to disclosure pursuant to Rule

1

16 of the Federal Rules of Criminal Procedure; (2) "Sealed Items" refers to documents previously sealed by the Court; (3) "3500 Material" refers to material to be provided to Defendants pursuant to the Government's disclosure obligations under 18 U.S.C. § 3500, Rule 404(b) of the Federal Rules of Evidence, as well as the *Brady* and *Giglio* decisions; (4) "Defendants" refers to the defendants, and any future defendants, in the above-referenced case; and (5) "Defense Counsel" refers to the counsel of record for any Defendant, or future Defendant, in the above-referenced case.

IT IS HEREBY ORDERED (1) that all Discoverable Material disclosed in this case and any copies thereof, shall be kept in the constant care, custody and control of Defense Counsel; (2) that any review of Discoverable Material shall take place in Defense Counsel office or at the detention facility where any Defendant his housed; (3) that copies of Discoverable Material shall not leave the custody of Defense Counsel or be left at any Defendant's detention facility; (4) that Discoverable Material, as well as its contents, shall not be discussed with, or disseminated / disclosed to, anyone other than Defendants or Defense Counsel, or the staff of Defense Counsel (full-time secretaries and attorneys formally associated with the law firm), except upon the express authorization of this Court; (5) that any pornographic images of minor children will not be disseminated in discovery, pursuant to 18 U.S.C. § 3509(m)(2), and that Defense Counsel will immediately notify the Government should they discover a pornographic image of a minor child that has been inadvertently produced in the Discoverable Materials; and (6) Defense Counsel will return to the Government all hard drives and discs provided by the Government in discovery at the close of the trial or when any appeal becomes final.

IT IS FURTHER ORDERED (1) that all Sealed Items and 3500 Material disclosed in this case, and any copies thereof, shall be kept in the constant care, custody, and control of Defense

Counsel; (2) that any review of Sealed Items and 3500 Material shall take place in Defense Counsel's office or at the detention facility where any Defendant is housed; (3) that Defense Counsel shall return or destroy all physical copies of Sealed Items and 3500 Material at the close of the trial or when any appeal has become final and return all hard drives and discs provided by the Government; (4) that Sealed Items and 3500 Material shall not leave the custody of Defense Counsel or be left at any detention facility; (5) that Sealed Items and 3500 Material, as well as its contents, shall not be discussed with, or disseminated / disclosed to, anyone other than the Defendants and Defense Counsel, or the staff of their counsel (full-time secretaries and attorneys formally associated with the law firm), except upon the express authorization of this Court.

SO ORDERED, this, the \_\_\_\_2nd\_\_\_\_ day of December, 2014.

_____
SENIOR U.S. DISTRICT JUDGE